UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE

| | |
|---|---|
| HIGH RISE FINANCIAL LLC | § § § |
| Plaintiff, | § § |
| v. | § Docket No.: 2:25-cv-00150-DCLC-CRW |
| | § § |
| EVE PEREZ, | § § |
| Defendant. | § § |

## FIRST AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES

Comes the Plaintiff, High Rise Financial LLC (hereinafter "Plaintiff" or "High Rise Financial"), and sues the Defendant, Eve Perez (hereinafter "Defendant" or "Perez") and avers as follows:

### I. PRELIMINARY STATEMENT

1.  This action arises from Defendant's conduct toward High Rise Financial amounting to a breach of contract and violation of The Uniform Trade Secrets Act, Tenn. Code Ann. § 47-25-1701, *et. seq.* (hereinafter "UTSA").

### II. JURISDICTION

2.  Venue and jurisdiction of this case are appropriate for Washinton County, Tennessee pursuant to the Confidentiality and Protective Covenant Agreement (hereinafter "Agreement") entered into by and between High Rise Financial and Perez, Exhibit A hereto, and is the location of Perez's residence.

### III. PARTIES

3.  Plaintiff, High Rise Financial is a Delaware Limited Liability Company.

4.  Defendant, Perez is a citizen and resident of Washington County, Tennessee and may be served with process at his residence located at 194 Wanderlust Court, Johnson City, Tennessee 37604.

1

## IV. FACTS

5. On June 27, 2022 High Rise Financial employed Perez on an at-will basis upon the consideration that Perez enter into and be subject to the Confidentiality and Protective Covenant Agreement ("Agreement"), Exhibit A hereto.

6. High Rise Financial provides legal funding services typically to parties sustaining personal injury lawsuits related to auto accidents, defective products and other claims that stem from injuries caused by negligence, including pre-settlement funding, and settlement cash advances. Such financing allows the parties clients to meet their personal financial obligations during the pendency of litigation.

7. At all times material hereto, High Rise Financial employed Perez as an Account Manager.

8. At all times material to Perez's employment, High Rise Financial provided Perez access to its confidential and proprietary information, including but not limited to customer lists, prospective customers, leads, preferences, contact information, billing histories, pricing, business strategies, and other protected information as referenced in the Agreement.

9. High Rise Financial invests significant resources and takes reasonable measures to maintain the secrecy and confidentiality of its trade secrets and confidential information. These measures include implementing policies, procedures, and employee training related to the limited access, use, and dissemination of trade secrets and confidential information. High Rise Financial requires employees, such as inside sales employees, to enter into restrictive covenant agreements to protect such information. Plaintiff also takes appropriate action to enforce its policies and restrictive covenants regarding trade secrets and confidential information.

10. During Perez's employment, High Rise Financial provided Perez with specialized training related to the Account Manager duties and its business operations and strategy.

11. As an Account Manager, Perez was expected to perform her duties through inside sales. High Rise Financial provided Perez with "warm leads" of clients who all had retained personal injury lawyers assigned to each case, attorney list, etc. (the "leads" or "clients") all of which were favorable to contract with for Plaintiff's services. Perez called on these leads and

clients located throughout the United States for the purpose of entering into a Contract for Plaintiff's services, and also in hopes of receiving future referrals from law firms.

12. Pursuant to the terms of the Agreement, Perez agreed to certain contractual obligations, including Protective Covenants, including Non-Compete, Customer Non-Solicitation, Employee Non-Solicitation and Non-Raiding. These contractual obligations as outlined in the Agreement survived Perez's employment separation date.

13. The Agreement's Non-Compete provisions prohibit Perez, for 12 months following her last date of employment with Plaintiff, from engaging in to or assisting anyone in engaging in any competitive activity within the Prohibited Territory, as defined in the Agreement.

14. The Agreement's Customer Non-Solicitation provisions prohibit Perez, for 18 months following her last date of employment with Plaintiff, from directly or indirectly soliciting or any Restricted Customer, as defined in the Agreement, to purchase any services or products offered by Plaintiff, or sell or provide any services or products to any Restricted Customer that are competitive with or a substitute for the Plaintiff's services or products, etc.

15. The Agreement's Employee Non-Solicitation and Non-Raiding provisions prohibit Perez, for 18 months following her last date of employment with Plaintiff, from directly or indirectly recruiting, soliciting or encouraging any employee with access to Plaintiff's confidential information, to leave their employment with Plaintiff.

16. The provisions of the Agreement, including the term and any restrictive period, are tolled in the event Perez is in breach or violation, and shall remain tolled until such time as the breach or violation has been fully cured.

17. On November 22, 2024, Perez voluntarily resigned and last worked for High Rise Financial.

18. Upon information and belief, subsequent to Perez's resignation from High Rise Financial, Perez began working and continues to work for a competitor of Plaintiff's, named Thrivest.

19. Plaintiff avers that on or about the time of Perez's resignation, Plaintiff asked if she had any intentions to begin working for a competitor of Plaintiff, and she stated she did not. At all times material to this action, Perez knew and appreciated that the terms of the Agreement with

Plaintiff prohibited her from working for a competitor such as Thrivest. Perez remained a resident of Washington County, Tennessee.

20. Thrivest is a direct competitor of High Rise Financial in the legal funding industry throughout the United States. Thrivest offers legal funding services, to parties and legal counsel, including lawsuit loans, pre-settlement funding, and settlement cash advances.

21. Subsequent to Perez's separation from High Rise Financial and while working for and on behalf of Thrivest, she contacted, and has continued to contact High Rise Financials' clients and utilizes its confidential information to compete against Plaintiff. Upon information and belief Perez has competed against Plaintiff, and solicited legal financial business from numerous clients, leads and law firm and related referred sources.

22. Subsequent to Perez's resignation from High Rise Financial in November 2024, and on a continuing basis, Perez has utilized and/or disclosed Plaintiff's confidential information, including, but not limited to, law firm referred sources, client information, employee information, business operation strategies, etc. Subsequent to Perez's separation from High Rise Financial in November, 2024, and on a continuing basis Plaintiff has experienced a loss or decrease of referrals and contracts from law firms and related referral sources due to Perez's actions in breach of the Agreement.

23. Subsequent to Perez's resignation from High Rise Financial in November 2024, Perez has intentionally engaged in conduct that solicited, enticed, encouraged and/or assisted one or more employees with access to confidential information of High Rise Financial to work with a competitor, such as Thrivest, and possibly other competitors, in violation of their Agreement with Plaintiff.

## Count I- Breach of Contract

24. The Agreement, Exhibit A is a valid and enforceable contract between High Rise Financial and Perez.

25. Perez breached the Contract with High Rise Financial.

26. Perez's breach of the Contract caused and continues to cause damages to High Rise Financial.

## Count II- Violation of Uniform Trade Secrets Act

27. Pursuant to Tenn. Code Ann. § 47-25-1701 *et. seq.*, High Rise Financial maintained trade secrets and confidential information as defined in the Agreement, including, but not limited to its client list, law firm referred sources, and client information, etc. at all times during the employment relationship with Defendant Perez.

28. Perez, as an employee of High Rise Financial, was provided specialized training, access to client and law firm referral source lists, client and law firm information, and employees of Plaintiff. However, Perez had no authority to take, use or share for her own, or for use in the business of competitors, the Plaintiff's confidential information and employee information.

29. Upon information and belief, Perez improperly took, used and shared High Rise Financials' client and law firm referral business operations and confidential information and continues to use such confidential information for her benefit and to the detriment of Plaintiff.

30. As an employee of High Rise Financial, Perez owed a statutory duty to High Rise Financial to maintain the secrecy of Plaintiff's client and law firm referral source list and related information, employee identity and related information and other confidential information, and to not use such confidential information for any purpose other than for High Rise Financials' business practice, both during and subsequent to the termination of Perez's employment relationship with Plaintiff. Based on the facts asserted above Perez has violated this duty to High Rise Financial by her intentional and wrongful actions.

31. As a direct and proximate result of Perez's conduct, Plaintiff has suffered damages, and absent injunctive relief being issued against Perez, will continue to suffer irreparable harm and financial loss. Plaintiff also requests an award of exemplary damages and attorneys' fees and costs incurred in the prosecution of this complaint against Defendant Perez for her wrongful conduct in violation of Tennessee's UTSA.

## V. PRAYER FOR RELIEF

32. Paragraphs 1 through 39 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

33. As a result of the conduct and actions of Defendant Perez herein alleged, High Rise Financial LLC has no effective, adequate or complete remedy at law, because Perez continues to engage in the unlawful practices alleged herein. Therefore, High Rise Financial LLC prays:

    A. That upon a hearing, a temporary restraining order and/or permanent injunction enjoin Perez from any further violations of the Agreement, Exhibit A hereto, and the statutes and common law of Tennessee described herein above and otherwise; and,

    B. To enforce the non-compete, non-solicitation of customers and employee non-solicitation and non-raiding, and confidentiality and other provisions of the Agreement, directing Defendant Perez to so comply; and,

    C. That High Rise Financial LLC be awarded actual, compensatory, and consequential damages in an amount not to exceed $550,000.00; and,

    D. That High Rise Financial LLC be awarded punitive damages in the amount of $550,000.00 for the tortious conduct asserted herein in violation of the statutory and common law of Tennessee; and,

    E. That High Rise Financial LLC be awarded exemplary damages in the amount of $550.000.00, for Defendant Perez's violation of the UTSA, Tenn. Code Ann. § 47-25-1701 *et. seq.*; and,

    F. That High Rise Financial LLC be awarded its interest on said damages, attorneys' fees and costs for each cause of action for which such damages are available; and,

    G. For such other and further relief which the Court deems just and proper.

Respectfully submitted this 26th day of September, 2025.

    /s/ Jeffrey C. Taylor
    **Jeffrey C. Taylor, Esq.** (BPR #013436)
    TAYLOR LAW FIRM
    365 West Third North Street
    Morristown, Tennessee 37814
    (423) 586-6812
    jeff@taylorlawfirmtn.com
    Attorney for Plaintiff, High Rise Financial LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

**Madison Perry Tao, Esq. (TN BPR #042238)**
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
1600 West End Avenue, Ste. 2000
Nashville, Tennessee, 37203
(615) 726-5774
mtao@bakerdonelson.com

**David E. Gevertz, Esq. (GA BPR #0292430)**
**Kyle Douglas Brumbaugh, Esq. (GA BPR #170912)**
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
3414 Peachtree Road, NE, Ste. 1500
Atlanta, Georgia 30326
(404) 577-6000
dgevertz@bakerdonelson.com
kbrumbaugh@bakerdonelson.com

/s/ Jeffrey C. Taylor
**Jeffrey C. Taylor, Esq.**